AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Middle District of Florida | |
|---|---|---|
| Name *(under which you were convicted)*:<br>Alexander Borja | | Docket or Case No.:<br>8:21-cr-00156-KKM-AEP |
| Place of Confinement:<br>Oakdale FCI 1 | Prisoner No.:<br>02347506 | |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)*<br>Alexander Borja |

### MOTION

*8:23cv 2598 KKn-AEp*

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    United States District Court
    Middle District of Florida
    801 North Florida Avenue
    2nd Floord
    Tampa, FL 33602

    NOV 13 2023 PM 1:47
    FILED - USDC - FLMD - TPA

    (b) Criminal docket or case number (if you know): 8:21-cr-00156-KKM-AEP

2. (a) Date of the judgment of conviction (if you know): April 6, 2022

    (b) Date of sentencing: April 6, 2022

3. Length of sentence: Count 1 & 2 concurrent terms of 108 months of imprisonment

4. Nature of crime (all counts):
    **Count 1:**Conspiracy to posses with intent to distribute five kilograms or more of cocaine with aboard a vessel subject to the jurisdiction of the U.S., in violation of 46 U.S.C.§70503(a) and §70506(a) and (b), and 21 U.S.C.§960(b)(1)(B)(ii).

    **Count 2:**Poseession with intent to distribute five kilograms or more of cocaine while aboard a vessell subject to the United States in violation of 46 U.S.C.§70503(a) and §70506(a), 18 U.S.C. §2, and U.S.C. §960(b)(1).

5. (a) What was your plea? (Check one)
    (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

Page 2 of 13

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?      Yes ☐      No ☒

9.  If you did appeal, answer the following:

   (a) Name of court: _____

   (b) Docket or case number (if you know): _____

   (c) Result: _____

   (d) Date of result (if you know): _____

   (e) Citation to the case (if you know): _____

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☒

     If "Yes," answer the following:

     (1) Docket or case number (if you know): _____

     (2) Result: _____
           _____

     (3) Date of result (if you know): _____

     (4) Citation to the case (if you know): _____

     (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

    Yes ☐      No ☒

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   ·   No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: _____

(2)  Docket of case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:   Yes ☐   No ☐

(2)  Second petition:   Yes ☐   No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: PETITIONER ENTERED INTO A VERBAL COOPERATION AGREEMENT BASED ON REPRESENTATIONS MADE BY THE GOVERNMENT. THEREFORE, HE IS ENTITLED TO A SENTENCE REDUCTION PURSUANT TO RULE 35(B) UNDER FEDERAL RULES OF CRIMINAL PROCEDURE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

***SEE: ATTACHED MEMORANDUM OF LAW***

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

The issue was not known to Petitioner. Petitioner became aware of the issue after the time to file Direct Appeal had lapsed.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

AO 243 (Rev. 09/17)

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


**GROUND TWO:** _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):


(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐       No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

_____

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐       No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐       No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐       No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐       No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** _____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

```
Petitioner filed "Motion To Compel The Government To File Motion For Reduction of
Sentence Pursuant to Rule 35(b)" on May 23, 2023. On June 1, 2023 Judge Kathyn
Kimball Mizelle denied the aforementioned motion and adviced Petitioner to file
a motion under 28 U.S.C. §2255 based on representations made by the Government.
```

_____

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:

   (b) At the arraignment and plea: Adrian Burden — Federal Public Defender's Office 400 N Tampa St, Ste 2700, Tampa, FL 33602

   (c) At the trial:
   N/A

   (d) At sentencing: Adrian Burden — Federal Public Defender's Office 400 N Tampa St. Ste 2700, Tampa, FL 33602

   (e) On appeal:
   N/A

   (f) In any post-conviction proceeding:
   N/A

   (g) On appeal from any ruling against you in a post-conviction proceeding:

   N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed: _____

   (c) Give the length of the other sentence: _____

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☒

AO 243 (Rev. 09/17)

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Petitioner's sentence became final on or abour April 22, 2022. Petitioner's judgment of
conviction became final over one year ago. Petitioner can demonstrate that "Equitable
Tolling" is proper in his case pursuant to **Holland v. Florida**, 560 U.S. 631, 649 (2010),
because he can establish "(1) that he has been pursuing his rights diligently , and (2)
that some extraordinary circumstances stood in his way and prevented timely filing".

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
from the latest of –
      (1)  the date on which the judgment of conviction became final;
      (2)  the date on which the impediment to making a motion created by governmental action in violation of
the Constitution or laws of the United States is removed, if the movant was prevented from making such a
motion by such governmental action;
      (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has
been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
review; or
      (4)  the date on which the facts supporting the claim or claims presented could have been discovered
through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief: Petitioner entered into a verbal cooperation agreement with the Government. Petitioner requests that this Court reviews the government's refusal to file a Rule 35(b) on his behalf. At a minimum an evidentiary hearing should be held pursuant to §2255(b) so the allegations in this motion and affidavit may be resolved.
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___11-7-23_____
(month, date, year)

Executed (signed) on ___11-7-23_____ (date)

_Alexander Borja_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Alexander Borja,                                         Case No.
Petitioner,                                       8:21-cr-00156-KKM-AEP
vs.
United States of America,
Respondent. _____/

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S §2255 MOTION

Comes Now, Petitioner, Alexander Borja, ("Borja") Pro Se respectfully files this Memorandum of Law in support to his §2255 Motion. Borja avers the following:

On May 23, 2023 Borja filed a "Motion To Compel The Government To File Motion For Reduction of Sentence Pursuant to Rule 35(b)". On June 1, 2023, Judge Kathryn Kimball Mizelle denied the aforesaid Motion and adviced Borja to file a motion under 28 U.S.C.§2255 based on representations made by the Government. See: Exh-A-(Court's order, rendered on June 1, 2023).

### LEGAL STANDARD

EQUITABLE TOLLING is proper only when a Section 2255 movant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumsatnces stood in his way and prevented timely filing". Holland v. Florida, 560 U.S. 631, 649 (2010); Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002).

Moreover, if a Petitioner makes facially sufficient claim(s) on a §2255 Motion that cannot be refuted with the record, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.§2255(b).

### CLAIM ONE .
PETITIONER ENTERED INTO A VERBAL COOPERATION AGREEMENT BASED ON REPRESENTATIONS MADE BY THE GOVERNMENT. THEREFORE, HE IS ENTITLED TO A SENTENCE REDUCTION PURSUANT TO RULE 35(B) UNDER FEDERAL RULES OF CRIMINAL PROCEDURE

On April 5, 2022 one day prior to Borja's sentencing, threeeFederal:agents debriefed Borja at the Pinellas County jail. Borja's attorney Adrian Burden, her assistant and a spanish interpreter were present during;the debriefing session. The agents asked Borja for information regarding an individual named Socrates

Barros Finse, also known as "Chu-Chun" and his drug trafficking operation. See: Exh. B- (Affidavit containing information about Chu-Chun and other individuals involved in the drug trafficking operation). During the debriefing session, attorney Burden took notes of the verbal exchange between Borja and the Federal agents. The Federal agents offered Borja a sentence reduction for his cooperation. Borja agreed to cooperate with the United States Government because he had an affirmative belief that had entered into a verbal cooperation agreement with the Government.

The Federal agents asked Borja questions, he told them what he knew and his answers were cross examined. The agents told Borja that a Motion For Sentence Reduction would be filed at a later date at the Government's request.

## VERBAL AGREEMENT

Even when there is no written plea agreement  incorporating a Rule(b) agreement, the district court may review the decison not to move for a downward departure. Wade, 504 U.S. at 185; United States v. Pierce, No.96-7066, 120 F.3d 263, 1997 U.S. App. Lexis 22239, 1997 WL 471057, at *1(4th Cir. Aug.19, 1997)(finding that the court may review [a] prosecutor's refusal to honor an oral agreement to file a Rule 35(b) motion). Also See: United States v. Wilson, 390 F.3d 1003, 1010-1011 (7th Cir. 2009)(reviewing government's failure to file a Rule 35(b) Motion); Bischel v. United States, 32 F.3d 259(7th Cir. 1994)(reviewing government's withdrawl of a Rule 35(b) Motion);United States v. Khoury, 62 F.3d 1138(9th Cir. 1995) (reviewing the government's withdrawl of a ;5k1.1 motion for substantial assistance.).

In United States v. Cardenas, 302 Fed. Appx. 14, the government refused to file a Rule 35(b) Motion on Cardena's behalf and the court determined that Cardenas was entitled to an evidentiary hearing based on his claim that he entered into an oral cooperation agreement. See: Leonard, 50 F.3d at 1157 (finding the existance of a cooperation agreement based in part on the fact that the defendant "orally agreed...[to] aid the government in its prosecution of other[s]").

A basic fundamental principle of contractual law is that an oral agreement

applies with equal force as it does to a written agreement.

## BORJA'S AFFIDAVIT

The factual allegations contained in Borja's instant motion and affidavit are exclusively related to occurances outside the courtroom which the record can cast no real light. Borja's foregoing affidavit contains sufficient specific allegations under oth to raise issues of material facts as to the existence of an oral agreement. Wherefore, Borja posits that record is insufficient to deny the motion without further inquiry. See: <u>Machibroda v. United States</u>, 368 U.S. 487, 494(1973)(remanding for further proceeding where "[t]he factual allegations contained in the petitioner's motion and affidavit, an put in issue by the affidavit filed with the Government's response, related primarily, to purported occurances outside the courtroom");<u>Taylor v. United States</u>, 487 F.2d 307, 308 (2nd Cir. 1973) (remanding for an evidentiary hearing in view of the "sharply conflicting affidavits" filed by the government and a cooperating witness who asserted that the prosecutor had promised that she would not go to jail if she cooperated against the defendant);<u>United v. Aiello</u>, 814 F.2d 109, 114(2nd Cir. 1987)("The affidavits submitted here disclosed genuine issues of material fact that should have been explored further.")

Wherefore, Borja posits that the facts and legal contentions are adequately presented herein and further judicial inquiry is warranted to resolve Borja's claim of the existence of an oral coopeation agreement.

## EQUITABLE TOLLING

As a general matter, "equitable tolling" is proper only when a Section §2255 movant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing". <u>Holland v. Florida</u>, 560 U.S. 631, 649(2010);<u>San Martin v. McNeil</u>, 633 F.3d 1257, 1267(11th Cir. 2011);<u>Sanvik v. United States</u>, 177  F.3d 1269, 1271(11th Cir.1999); <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Johnson v. United States</u>, 340 f.3d 1219, 1226 (11th Cir, 2003).

From approximately July 2022 through September 2023 Borja called attorney Burden bi-weekly to ask her about the proceedings of the Rule 35(b) Motion for his cooperation with the Government. (Borja has requested phone records from the prison which will show his phone calls history). Most of the times Borja spoke to Burden's assistant in which the assistant stated that Burden had left Borja a message. Burden's message to Borja was "to keep waiting and that she would speak to the prosecutor about filing a Motion For Sentence Reduction for his cooperation". On one occasion Burden set up an attorney-client privilage phone call through Counselor Hope Smith at the institution. On this day, Burden told Borja that the prosecutor on his case had been removed and a different prosecutor would be assigned to his case. Between July 2022 and Septemeber 2023, Borja corresponded with Burden and sent several letters asking for the status of his Motion For Sentence Reduction. On his letters and phone calls, Borja was very specific about his concern about the 1 year limitation to file his cooperation motion under Rule 35(b)(1) and/or 28 U.S.C.§2255(f)(1). Burden's message to Borja was always the same, "to keep waiting and the his cooperation motion would be filed". Since Borja's Rule 35(b) Motion wasn't filed by the Government despite his numerous attempts to contact attorney Burden and prosecutor Joseph K. Ruddy, Borja filed his pleading in this Court, titled "Motion To Compel The Government To File Motion For Reduction of Sentence Pursuant to Rule 35(b)" on May 23, 2023. Since Borja did not receive a response from the Court regarding his "Motion To Compel", he sent a notice of inquiry on September 6, 2023, which the Court received on September 11, 2023. See:Exh-C-(Notice of Inquiry). In or about Septemeber 30, 2023, for the first time, Borja received notification from the Court stating that his "Motion To Compel" had been denied on June 1, 2023. See: Exh-D-(Order denying Motion To Compel rendered June 1, 2023 by Judge Kathryn Kimball Mizelle). Judge Mizelle also adviced Borja on the rendered order, that he should file a §2255 Motion based on representations made by the Government. Thus, Borja files this

(4)

foregoing §2255 Motion untimely because:(1) despite his dilligent efforts to contact his attorney and prosecutor to file a Motion For Sentence Reduction, such Motion wasn't filed; and:(2) Borja recived the Court's order denying his "Motion To Compel" more than 3 months after it was rendered by Judge Mizelle.

Borja respectfully requests that this Court gets an affidavit from attorney Burden to verify his numerous efforts to contact her regarding the Motion For Sentence Reduction; and Borja requests this Court to review the Court's Docket which will demonstrate the order of denial that was rendered on June 1, 2023 was not received by Borja until September of 2023.

Borja posits that he is entitled to Equitable Tolling because (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way which prevented timely filing. Moreover, Borja is a Colombian native and does not speak any English and has been relying on a bi-lungual inmate Law Clerk to assist him with his judicial proceedings.

PREJUDICE AND REMEDY REQUESTED

The Government represented that it would file a Motion For Sentence Reduction for his cooperation, which the Government has not. Borja lived up to his end of the bargain and the Government has not. The Government gained the advantage by the information Borja provided for nothing in return. Borja endangered himself and his family and may face retribution for the rest of his life for cooperating with the Government.

Since Borja entered into a cooperation agreement for a sentence reduction, he is entitled to the benefits of that agreement. Wherefore, Borja requests for this Honorable Court to review the Govenment's refusal to file a Rule 35(b) Motion on his behalf. At a minimum, Borja is entitled to an evidentiary hearing in accordance with §2255(b) so the allegations in this instant motion and affidavit may be argued and resolved.

## CONCLUSION

Borja has made sufficient allegations as to the existance of an oral cooperation agreement and his understanding of a sentence reduction based on representions made by the Government. Wherefore, further judicial review is warranted to determine if the government acted in bad faith when it refused to file a Rule(35(b) Motion for Borja's substantial assistance in prosecuting other individuals. Borja files this instant motion in the interest of justice and in GOOD FAITH.

Respectfully submitted,


*Alexander Borja*
Alexander Borja
Reg No. 02347506


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was served by first-class U.S. Mail on this __7__ day of *NOVEMBER* 2023, to be served on the parties listed below:

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
801 North Florida Avenue
2nd Floor
Tampa, Fl 33602


*Alexander Borja*

**EXHIBIT *** A*****

```
MIME-Version:1.0
From:cmecf_flmd_notification@flmd.uscourts.gov
To:cmecf_flmd_notices@localhost.localdomain
Bcc:
--Case Participants: Judge Kathryn Kimball Mizelle (chambers_flmd_mizelle@flmd.uscourts.gov),
Magistrate Judge Anthony E. Porcelli (anthony_porcelli@flmd.uscourts.gov,
chambers_flmd_porcelli@flmd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<23230965@flmd.uscourts.gov>
Subject:Activity in Case 8:21-cr-00156-KKM-AEP USA v. Borja et al (Redacted Notice)
Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.**

**U.S. District Court**

**Middle District of Florida**

**Notice of Electronic Filing**

The following transaction was entered on 6/1/2023 at 1:27 PM EDT and filed on 6/1/2023
**Case Name:**      USA v. Borja et al
**Case Number:**      8:21-cr-00156-KKM-AEP
**Filer:**
**Document Number:** 120(No document attached)

**Docket Text:**
**ENDORSED ORDER: Defendant's Motion to compel Rule 35 motion [119] is denied. The Court cannot require the United States to file a motion to reduce defendant's sentence----that is solely within the government's discretion. If defendant wants to otherwise challenge his sentence based on representations made by the government, the proper vehicle is through a habeas motion under 28 U.S.C. 2255. Signed by Judge Kathryn Kimball Mizelle on 6/1/2023. (MEV)**

**8:21-cr-00156-KKM-AEP-1 No electronic public notice will be sent because the case/entry is sealed.**

EXHIBIT \*\*\* B \*\*\*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Alexander Borja,                                        Case No.
Petitioner,                                    8:21-cr-00156-KKM-AEP
vs.
United States of America,
Respondent._____/

AFFIDAVIT

I, Alexander Borja, residing at Oakdale FCI 1, PO BOX #5000, Oakdale, LA, 71463, hereby certify that:

On or about April 5, 2023 at around 8:00am, at Pinellas County Jail, three Federal agents debriefed me about an individual named Socrates Barros Finse a.k.a. "Chu-Chun" and his drug trafficking operation. I gave the federal agents the following information:

1) Chu-Chun was the leader of a cocainae trafficking operation out of Colombia. Chu-Chun had other individuals working for him which included the following:

2) "El Negro" was Chu-Chun's right hand man in Colombia. El Negro was in charge of transporting the cocaine to differnt locations where Chu-Chun had agreed to delivered the cocaine to.

3) "Yu-Yu" was El Negro's brother. Yu-Yu would solicit and hire subordinate workers to move all the cocaine to places such as Dominican Republic and Central America.

4) "Cachi" would dispatch all of the fast speed boats that were used to transport the cocaine.

5) "El Nene" would buy reports from the Coast Guards and would rendered those reports to Chu-Chun. Those reports would show the location and the time-frames certain coast guards would be patrolling a certain area and when the fast speed boats could move without being detected.

When the debriefing session was over, I put my initials next to the photos of the aforementioned individuals and their alias. All of the agents and my lawyer were delighted and laughing of happiness because of the quality of information that I had provided.

(1)

Moreover, the Federal agents and my lawyer adviced me that regardless of what the Judge said at the Sentencing Hearing, once one of the persons I had identified was apprehended and in custody of the U.S. Government, a Motion For Sentence Reduction would be filed in my belaf, even after I went to prison.

Approximately 3 weeks after I was sentenced, I ecountered Chu-Cun at the Pinellas County Jail. I immediately called Burden and gave her his inmate ID number. Burden adviced me that she would render the information to the Government.

Approximately 3 months ago I became aware that El Negro was in U.S. custody in a Federal holding facility in Colombia and is awaiting to be extradiated to the United States.

I have recently tried to call Burden from the Institutional phone and it appears that the phone calls to her offcie have been blocked.

By cooperating with the U.S. Government I put my family and myself at risk because the people I identified are dangerous individuals in Colombia. I am facing retribution for the rest of my life as a result of my cooperation.

I, Alexander Borja, certify under penalty of perjury that the content and statement(s) herein are true and correct.

_Alexonder Borja_
Alexander Borja Reg#02347506

_11-7-23_
Date Executed

**EXHIBIT \*\*\* C\*\*\***

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Alexander Borja,                                    Criminal Docket #:
Petitioner,                                         8:21-cr-00156-kkm-aep-1
v.
United States of America.
Respondent.

NOTICE OF INQUIRY                    SEP 11 2023 PM12:37
                                     FILED - USDC - FLMD - TPA

Notice is hereby given that Alexander Borja,("Borja"), ProSe, inquires about

"Motion To Compel The United States Government To File Motion For Reduction of Sentence

Pursuant To Rule 35(b)" that was filed in this Court on May 23, 2023. See: (Exh.-A-

U.S. Postal Service Certified Mail Receipt/Tracking #7020 1810 0001 8710 0233). Borja

inquires for a status of the aforementioned Motion and a response therto.

Respectfully submitted,

*Alexander - BORJA*                         9/6 / 2023

Alexander Borja                                         Date Executed
Reg No. 0234-506
Oakdale FCI 1
Po Box #5000
Oakdale, LA
71463

**EXHIBIT** *** D ***

```
MIME-Version:1.0
From:cmecf_flmd_notification@flmd.uscourts.gov
To:cmecf_flmd_notices@localhost.localdomain
Bcc:
--Case Participants: Judge Kathryn Kimball Mizelle (chambers_flmd_mizelle@flmd.uscourts.gov),
Magistrate Judge Anthony E. Porcelli (anthony_porcelli@flmd.uscourts.gov,
chambers_flmd_porcelli@flmd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<23230965@flmd.uscourts.gov>
Subject:Activity in Case 8:21-cr-00156-KKM-AEP USA v. Borja et al (Redacted Notice)
Content-Type: text/html
```

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.**

**U.S. District Court**

**Middle District of Florida**

**Notice of Electronic Filing**

The following transaction was entered on 6/1/2023 at 1:27 PM EDT and filed on 6/1/2023

**Case Name:**     USA v. Borja et al
**Case Number:**   8:21-cr-00156-KKM-AEP
**Filer:**
**Document Number:** 120(No document attached)

**Docket Text:**
**ENDORSED ORDER: Defendant's Motion to compel Rule 35 motion [119] is denied. The Court cannot require the United States to file a motion to reduce defendant's sentence---that is solely within the government's discretion. If defendant wants to otherwise challenge his sentence based on representations made by the government, the proper vehicle is through a habeas motion under 28 U.S.C. 2255. Signed by Judge Kathryn Kimball Mizelle on 6/1/2023. (MEV)**

**8:21-cr-00156-KKM-AEP-1** No electronic public notice will be sent because the case/entry is sealed.