UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER BORJA,
    Prisoner,
v.   Case No. 8:23-cv-2598–KKM–AEP
    Case No. 8:21-cr-156-KKM-AEP
UNITED STATES OF AMERICA,
    Respondent.
_____

## ORDER

Prisoner Alexander Borja moves to vacate his 108-month sentence for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States. *See* 28 U.S.C. § 2255. Borja claims he is entitled to a sentence reduction under Rule 35(b) of the Federal Rules of Criminal Procedure. Because his claim is untimely, not cognizable, procedurally defaulted, and meritless, his motion to vacate is denied.

I.   **Background**

A grand jury indicted Borja with one count of conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b); and one count of possessing with intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 18 U.S.C. § 2. (Crim. Doc. 1.) Borja pleaded guilty as charged without a plea agreement. (Crim. Docs. 65, 73, 79.)

The presentence report calculated an advisory guidelines range of 108 to 135 months based on Borja's total offense level of 31 and his criminal history category of I. (Crim. Doc. 102 at ¶ 60.) At sentencing, counsel urged the district court to grant Borja a two-level downward variance based on his cooperation with law enforcement (Crim. Doc. 125 at 17):

> Mr. Borja has been cooperative in this case, Your Honor. He proffered very early on in the case initially. There were a couple of gentlemen that he remembered thereafter that proffer[ed]. I reached out to agents and gave them that information and as a result there was a follow-up proffer that was conducted and there was a follow-up conversation with agents, but also an additional proffer that was conducted whereby [Borja] pointed out several individuals. After about four hours of conversation with agents, he identified . . . five different photos of individuals that the agent showed that are individuals that they have been hearing about from this boat case, but as well as various others—other boat cases as far as individuals that are cultivating or that are the owners of these drugs.

The United States opposed a downward variance because Borja acted as the vessel's captain, recruited his co-defendant, and was not held accountable for hundreds of kilograms of cocaine that sunk into the ocean. (*Id*. at 14.)

The district court sentenced Borja to 108 months. (*Id*. at 22.) In declining to grant a downward variance, the district court considered that Borja proffered truthfully and received safety-valve relief, but he served as the vessel's captain and participated in the scheme for monetary benefit. (*Id*. at 21–22.) A judgment was entered against Borja on April 6, 2022. (Crim. Doc. 113.)

Borja filed no appeal. Instead, on May 23, 2023, he filed pro se a "Motion to Compel" the United States to move for a sentence reduction under Rule 35(b).

(Crim. Doc. 119.) On April 5, 2022 (the day before his sentencing), Borja provided information to federal agents about the leader of a drug trafficking operation in Colombia. (*Id*. at 1.) According to Borja, the federal agents orally agreed to file a motion to reduce his sentence in exchange for this information. (*Id*.) In his motion to compel, Borja acknowledged that "the district court cannot interfere[e] with the Government's decision to file a Rule 35 Motion[,]" but he nevertheless urged the district court to compel the United States to move for a sentence reduction based on his "oral agreement" with the United States. (*Id*. at 2.)

The district court denied the motion to compel on June 1, 2023. (Crim. Doc. 120.) The district court reasoned that it "cannot require the United States to file a motion to reduce [Borja's] sentence—that is solely within the government's discretion." (*Id*.) "If [Borja] wants to otherwise challenge his sentence based on representations made by the government," the district court observed, "the proper vehicle is through a habeas motion under 28 U.S.C. § 2255." (*Id*.)

Borja now moves to vacate his sentence and claims that he is entitled to a sentence reduction under Rule 35(b). (Civ. Docs. 1 and 11.) The United States responds that Borja's claim is untimely, not cognizable, procedurally defaulted, and meritless. (Civ. Doc. 8.)

## II. Borja's claim is untimely.

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a

3

timely notice of appeal, or 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Borja's judgment of conviction was entered on April 6, 2022. (Crim. Doc. 111.) The judgment became final 14 days later, on April 20, 2022. Therefore, under § 2255(f)(1), Borja had until April 20, 2023, to file his § 2255 motion. Borja did not file his § 2255 motion until November 7, 2023, the date on which he signed the motion while incarcerated. (Civ. Doc. 1.) *See Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)) (when determining whether a § 2255 motion is timely, "[w]e apply the prison mailbox rule, under which 'a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing'"). Thus, Borja's § 2255 motion is untimely under § 2255(f)(1).

Recognizing that his § 2255 motion is untimely, Borja asserts that he is entitled to equitable tolling of the limitations period because, "[b]etween July 2022 and September 2023, [h]e corresponded with [counsel] and sent several letters asking for the status of his Motion For Sentence Reduction." (Civ. Doc. 1 at 16.) Borja claims he "was very specific [in his correspondence with counsel] about his concern about the 1 year limitation to file his cooperation motion under Rule 35(b)(1) and/or 28 U.S.C. § 2255(f)(1)." (*Id*.) According to Borja, counsel advised him "'to keep waiting and his cooperation motion would be filed.'" (*Id*.) However, when no Rule 35(b) motion was filed, Borja filed a pro se motion to compel the United States to file a Rule 35(b) motion on May 23, 2023. (*Id*.) Although the district court denied the motion to compel on June 1, 2023, Borja claims he did not receive the order denying his motion to compel until September 2023. (*Id*. at 17.)

4

"[E]quitable tolling is an extraordinary remedy which is typically applied sparingly." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) (quotations omitted). Equitable tolling can apply to a § 2255 motion. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). To toll the limitation period, the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence', not 'maximum feasible diligence.'" *Id*. (citations omitted). "The focus of the inquiry regarding extraordinary circumstances is on the circumstances surrounding the late filing of the habeas petition . . . and whether the conduct of others prevented the petitioner from timely filing." *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (quotations omitted). The extraordinary circumstance must be "both beyond [the movant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Dodd*, 365 F.3d at 1282 (quotations omitted).

Borja shows neither that he exercised reasonable diligence in pursuing his rights nor that an extraordinary circumstance prevented him from timely filing his § 2255 motion. Borja points to his phone calls and letters to counsel as evidence of his diligence. However, Borja cannot show he exercised reasonable diligence because he admits that he knew about the one-year limitation period when he corresponded with counsel but he nevertheless knowingly allowed the limitation period to expire before filing his § 2255 motion. (Civ. Doc. 1 at 16.) Accepting as

5

true that counsel advised Borja " 'to keep waiting and his cooperation motion would be filed[,]' " counsel's advice does not excuse Borja's late filing because he neglects to show that he independently exercised reasonable diligence in filing his § 2255 motion. *See Vahlkamp v. Sec'y, DOC*, No. 21-14052, 2022 WL 17752230, at *2 (11th Cir. Dec. 19, 2022) ("Although [counsel] should have been more responsive, [the defendant] bore the burden to prove that he, not his counsel, independently exercised reasonable diligence."). Even if Borja was relying on his expectation that a Rule 35(b) motion would be filed, Borja offers no reason he was prevented from timely filing his § 2255 motion. Nor does Borja explain why he waited until November 7, 2023, to file his § 2255 motion when he received notice of the denial of his motion to compel approximately two months earlier, in September 2023.

Furthermore, Borja's expectation that a Rule 35(b) motion would be filed is not an extraordinary circumstance that warrants equitable tolling. "The government has the power, but not a duty, to file a substantial assistance motion." *Lanier v. United States*, 769 F. App'x 847, 851 (11th Cir. 2019) (citing *United States v. Dorsey*, 554 F.3d 958, 960 (11th Cir. 2009)). "The prosecutorial discretion to refuse to file a substantial assistance motion is subject to judicial review only if it is based on an unconstitutional motive, such as the defendant's race or religion, or is not rationally related to any legitimate government end." *Lanier*, 769 F. App'x at 851 (citing *Wade v. United States*, 504 U.S. 181, 185–86 (1992)). "The government's failure to exercise its Rule 35 discretion, especially in absence of even an allegation of improper motive, does not amount to an extraordinary circumstance." *Lanier*, 769 F. App'x at 851 (ruling that the United States' failure to file a Rule 35(b) motion did not constitute an extraordinary circumstance warranting equitable tolling).

Borja makes no allegation that the United States' decision not to file a Rule 35(b) motion was based on an unconstitutional motive. And, he did not enter into a plea agreement in which such a motion was promised. Borja merely claims that he was orally promised a sentence reduction in exchange for "very specific information about five (5) specific individuals and their drug trafficking operation" that he provided to federal agents. (Civ. Doc. 11 at 2.) That this information did not result in a Rule 35(b) motion is not an extraordinary circumstance that warrants equitable tolling.

In one sentence, and without any elaboration, Borja states that he "is a Colombian native and does not speak any English and has been relying on a bi-lingual inmate Law Clerk to assist him with his judicial proceedings." (Crim. Doc. 1 at 17.) To the extent Borja contends that his lack of English proficiency excuses his late filing, this assertion is insufficient to raise the issue of equitable tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling."). Moreover, his lack of English proficiency does not constitute an extraordinary circumstance that tolls the limitation period. "An extraordinary circumstance exists only if the delay is 'unavoidable even with diligence.'" *Cerrito v. Sec'y, Dep't of Corr.*, 693 F. App'x 790, 792 (11th Cir. 2017) (quoting *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)) (ruling that the inability to understand English, the inability to read beyond a second-grade level, and the inaccessibility of a bilingual inmate law clerk were not exceptional circumstances under which an untimely filing was unavoidable even with diligence); *see also United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (finding that "difficulties with the English language" did not constitute an

extraordinary circumstance to justify equitable tolling and citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that the "inability to read and speak English is not in itself a sufficient basis for equitabl[e] tolling")); *Aureoles v. Sec'y, Dep't of Corr.*, 609 F. App'x 623, 624 (11th Cir. 2015) ("[Defendant's] allegations of an inability to understand English and a lack of formal education did not establish extraordinary circumstances that warranted equitable tolling."). And, pro se litigants are presumed to know of the one-year statute of limitations even when they lack English-language proficiency. *See Perez*, 519 F. App'x at 997; *DeLeon v. Fla. Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012) ("An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling.").

Borja emphasizes that he did not receive notice until September 2023 of the district court's denial of his motion to compel on June 1, 2023. He vaguely suggests that this delay in receipt of the district court's order further justifies equitable tolling of the limitation period. The record shows that the Clerk mailed the district court's order to Borja at his then-current place of incarceration, and the mail was not returned as undeliverable. Nevertheless, accepting as true that Borja was not immediately notified of the district court's denial of his motion to compel, such circumstance is not probative of Borja's diligence in adhering to the § 2255 filing deadline because Borja filed his motion to compel on May 23, 2023, one month after the April 20, 2023 deadline for filing a § 2255 motion. *See Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1210 (11th Cir. 2014) (ruling that "matters from various state and federal court proceedings that [occurred] *after* the one-year limitations period expired . . . are not probative of [the defendant's] diligence during the

relevant time period before the limitations period expired") (emphasis in original); *Vicario v. U.S. Attorney Gen.*, 407 F. App'x 357, 359 (11th Cir. 2010) (ruling that events that "occurred well after the filing deadline do not bear on [the] failure to [adhere to the filing deadline] and would not entitle him to equitable tolling").

Consequently, Borja shows that none of these circumstances—his communications with counsel, his lack of English proficiency, and his delayed receipt of the order denying his motion to compel—justify equitable tolling of the limitations period.

### III. Borja's claim is not cognizable.

Even if Borja timely filed his § 2255 motion, his claim that he is entitled to a Rule 35(b) sentence reduction is not cognizable in this action. "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (*en banc*). Rather, § 2255 authorizes an attack on a sentence on four grounds: (1) it "was imposed in violation of the Constitution or the laws of the United States," (2) it was imposed without jurisdiction; (3) it exceeds the maximum authorized by law; or (4) it "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

"[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Because collateral review is not a substitute for direct appeal, a defendant must raise on direct appeal all available claims. "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Richards v. United States*,

9

837 F.2d 965, 966 (11th Cir. 1988) (quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep. 1981)).

"Unless the claimed error involves a lack of jurisdiction or a constitutional violation, § 2255 relief is limited." *Ayuso v. United States*, 361 F. App'x 988, 991 (11th Cir. 2010) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). "An error that is not jurisdictional or constitutional will form the basis for § 2255 relief only where 'the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.'" *Ayuso*, 361 F. App'x at 991 (quoting *Addonizio*, 442 U.S. at 185). A non-constitutional error that results in a miscarriage of justice "should present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Here, Borja does not challenge the voluntary nature of his guilty plea by claiming that it was induced by a promise of a forthcoming Rule 35(b) motion. He does not claim that counsel rendered ineffective assistance while negotiating a plea deal in exchange for a Rule 35(b) motion. He does not claim that the United States breached a plea agreement by not moving for a sentence reduction despite his substantial assistance. And he does not claim that the United States' decision not to file a Rule 35(b) motion was based on an unconstitutional motive such as race or religion. *See e.g., Lanier*, 769 F. App'x at 848; *Anzalone v. United States*, No. 18-11959, 2019 WL 2108062, at * 1–2 (11th Cir. Apr. 30, 2019) (affirming the denial of § 2255 relief because the plea agreement contained no promise of a Rule 35(b) motion and the defendant did not allege "any unconstitutional motive on the part of the government for failing to file a substantial assistance motion").

Rather, Borja merely claims that he is entitled to a Rule 35(b) motion because of the information he provided to federal agents. He alleges that he "had a reasonable belief that he would receive some type of benefit for the information[.]" (Civ. Doc. 11 at 3.) This claim is not cognizable under § 2255 because it is not a constitutional error and does not rise to the level of a miscarriage of justice. *See Wade*, 504 U.S. at 186 ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.").[1]

## IV. Borja's claim lacks merit.

Even if the district court generously construes Borja's allegations to state a cognizable claim that the United States breached an agreement by not moving for a sentence reduction, he is entitled to no relief because the record refutes such a claim. Borja pleaded guilty without a plea agreement. Therefore, any claim that the United States breached the terms of a non-existent plea agreement necessarily fails. *See Anzalone*, No. 18-11959, 2019 WL 2108062, at *2 (affirming no breach because the plea agreement contained no promise of a Rule 35(b) motion). Borja alleges that, in exchange for information he provided to federal agents the day before sentencing, the federal agents orally agreed to file a motion to reduce his sentence. Even if true, a federal agent lacks authority to bind the United States to

---

[1] The United States correctly argues that Borja's allegations are also procedurally defaulted because Borja could have appealed the district court's order denying his motion to compel. *See e.g.*, *United States v. Nance*, 426 F. App'x 801 (11th Cir. 2011) (affirming that the district court lacked jurisdiction to review a claim that the United States breached a plea agreement by refusing to file a Rule 35(b) motion and affirming the denial of a motion to compel). Instead, Borja initiated this action, presumably following the district court's observation that the proper vehicle to otherwise challenge his sentence based on representations made by the government is a motion under 28 U.S.C. § 2255. (Crim. Doc. 120.) However, as explained *supra*, Borja fails to allege a cognizable claim in this action.

11

an agreement for a sentence reduction. *See Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1236 (5th Cir. 1979) ("It is well established that the federal government will not be bound by a contract or agreement entered into by one of its agents unless such agent is acting within the limits of his actual authority."); *Augusta Aviation, Inc. v. United States*, 671 F.2d 445, 449 (11th Cir. 1982) (same). Borja's claim fails because the United States is not bound by the federal agents' oral agreement and Borja does not allege that the prosecutor entered the agreement. Borja is entitled to no relief because the record of his criminal action contains no evidence of an obligation by the United States to file a Rule 35(b) motion.

## V.     No Certificate of Appealability

Borja is not entitled to a certificate of appealability (COA). A prisoner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Borja must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Borja is entitled to neither a certificate of appealability nor an appeal in forma pauperis.

## VI.    Conclusion

Borja's motion under § 2255 to vacate, set aside, or correct his sentence (Civ. Doc. 1) is **DENIED** and a certificate of appealability is **DENIED**. Leave to appeal in forma pauperis is similarly **DENIED**. Borja must obtain permission from the circuit court to appeal in forma pauperis. The clerk is directed to enter a **JUDGMENT** against Borja, terminate any pending motions, **CLOSE** this case, and enter a copy of this order in the criminal case.

**ORDERED** in Tampa, Florida, on April 24, 2025.

Kathryn Kimball Mizelle
United States District Judge